789 F.2d 780
 Fed. Sec. L. Rep. P 92,733, RICO Bus.Disp.Guide 6308
 SIMON OIL CO., LTD., a California limited partnership;
MSBV-1 GP, Inc., a California corporation; Simon Marketing,
Inc., a Nevada corporation; Allen T. Brown; Eric S.
Stanton; and Thomas B. Moss, Plaintiffs/Appellants,
v.
Albion NORMAN; John M.B. O'Connor; Homer Jackson;
Agincourt Limited, a Delaware corporation; Craigmuir
Limited, a California corporation; the Minoco Group of
Companies, Ltd., a Delaware corporation; Minoco Southern
Corporation, a Nevada corporation; Stuart S. Greenberg;
William E. Bauer; Robert G. Weitzman; Dennis E. Carlton;
Robert Bryant; and Texas Commerce Bank Fort Worth, a
National Banking Association, Defendants/Appellees.
 No. 83-6366.
 United States Court of Appeals,
Ninth Circuit.
 Argued Oct. 3, 1984.
Submitted July 1, 1985.
Decided May 13, 1986.
 
 Phyllis Kuperstein, Edward M. Rosenfeld, Rosenfeld & Falk, Los Angeles, Cal., for plaintiffs/appellants.
 Edmund J. Towle, III, Kinsella, Boesch, Fujikawa & Towle, Los Angeles, Cal., Charles C. Wehner, Wehner & Perlman, Beverly Hills, Cal., for defendants/appellees.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN, POOLE, and BOOCHEVER, Circuit Judges.
 BOOCHEVER, Circuit Judge:
 
 
 1
 Simon Oil Co., Ltd. ("SOCOL"), a limited partnership, and other plaintiffs filed suit in district court alleging that defendants violated federal securities laws and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961-1964 (1982), as well as state law. The suit arose out of the promotion and sale by defendants of certain interests in oil and gas development programs through a complicated series of financial transactions. The district court granted defendants' motion to dismiss the federal claims for failure to state a claim upon which relief can be granted, without leave to amend, pursuant to Rule 12(b)(6), Fed.R.Civ.P. The district court also dismissed the pendent state claims. This court heard arguments on the case but vacated the submission, pending the Supreme Court's disposition of Sedima, S.P.R.L. v. Imrex Co., --- U.S. ----, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). That case having been decided, we now consider SOCOL's claim.
 
 I. RICO Claim
 
 2
 The district court dismissed the RICO claim because the claim did not allege that plaintiffs "were injured by a racketeering type injury" or that defendants inflicted "any additional or different injury from that allegedly sustained by the underlying acts." Sedima, however, has clearly rejected the requirements of a "racketeering" injury and an injury distinct from that caused by the predicate acts themselves. The Supreme Court stated: "There is no room in the statutory language for an additional, amorphous 'racketeering injury' requirement." 105 S.Ct. at 3285. Further, a RICO claim "is not deficient for failure to allege ... an injury separate from the financial loss stemming from the alleged [predicate] acts...." Id. at 3287. Plaintiffs need only allege injuries caused by (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Id. at 3285; Miller v. Glen & Helen Aircraft, Inc., 777 F.2d 496, 498 (9th Cir.1985). Plaintiffs have alleged these elements and thus the dismissal of the RICO claim is reversed.
 
 II. Securities Claim
 
 3
 The district court dismissed the securities claims because it found that the transactions did not constitute "securities" and thus could not state a cause of action under federal securities law, 15 U.S.C. Secs. 771, 78j(b) (1982). We review de novo this dismissal and the determination whether these transactions constituted "securities." Preferred Communications, Inc. v. City of Los Angeles, 754 F.2d 1396, 1399 (9th Cir.), cert. granted, --- U.S. ----, 106 S.Ct. 380, 88 L.Ed.2d 333 (1985); SEC v. Goldfield Deep Mines Co. of Nevada, 758 F.2d 459, 463 (9th Cir.1985). The Supreme Court has instructed that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102-103, 2 L.Ed.2d 80 (1957). The complaint must be liberally construed in the plaintiff's favor, and generally we take as true all facts as alleged. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir.1983).
 
 
 4
 Under these guidelines, we find that a triable issue of fact remains as to whether the transactions did constitute "securities." One transaction involved the "Minoco Agreements," a series of economic arrangements under which defendants conveyed fractional interests in oil and gas rights to plaintiffs in return for cash and letters of credit. The parties also executed a "Management Agreement," which provided that defendants and affiliated companies would manage the oil and gas operations.
 
 
 5
 "[F]ractional undivided interest[s] in oil, gas, or other mineral rights" are specifically included in the definition of a "security" found in the Securities Act of 1933, 15 U.S.C. Sec. 77b(1). The Supreme Court has recently held that a transaction involving "stock," which is also included within the statutory definition, automatically constitutes a "security," see Landreth Timber Co. v. Landreth, --- U.S. ----, 105 S.Ct. 2297, 2303, 85 L.Ed.2d 692 (1985); Gould v. Ruefenacht, --- U.S. ----, 105 S.Ct. 2308, 2310, 85 L.Ed.2d 4607 (1985), and the Third Circuit in a well-reasoned opinion has extended this reasoning to encompass undivided interests in mineral rights, Penturelli v. Spector, Cohen, Gadon & Rosen, P.C., 779 F.2d 160, 164-67 (3d Cir.1985). We are not attempting to resolve at this time, however, whether all transactions that fit within the statutory definition automatically constitute "securities." The Supreme Court left this issue open, stating: "We here expressly leave until another day the question whether 'notes' or 'bonds' or some other category of instrument listed in the definition might be shown 'by proving [only] the document itself.' " Landreth, 105 S.Ct. at 2306 (quoting SEC v. C.M. Joiner Leasing Corp., 320 U.S. 344, 355, 64 S.Ct. 120, 125, 88 L.Ed. 88 (1943)) (brackets supplied by Court). Instead, using this Circuit's "risk capital" test, see Underhill v. Royal, 769 F.2d 1426, 1431 (9th Cir.1985), we conclude that there is a factual question whether plaintiffs contributed risk capital subject to the entrepreneurial or managerial efforts of others. See United California Bank v. THC Financial Corp., 557 F.2d 1351, 1356-57 (9th Cir.1977). Reading the complaint liberally, as we must under a 12(b)(6) motion, SOCOL has alleged facts which, if proved, entitle it to relief under the federal securities laws. The complaint alleges that defendants exercised a major degree of control over the drilling operations. Any control plaintiffs had was illusory due to their lack of experience in the drilling business and the financing package by which defendant Craigmuir obtained an assignment of SOCOL's assets in the program. Cf. Parvin v. Davis Oil Co., 524 F.2d 112, 114-16 (9th Cir.1975) (even though plaintiff had "substantial experience" in oil and gas investment and had control over some drilling decisions, transaction met risk capital test because "major decisions which would effect success or failure were made by the [defendants]"); Johnsen v. Rogers, 551 F.Supp. 281, 288 (C.D.Cal.1982) (finding risk capital test met even though plaintiff had option to manage oil and gas lease itself or to contract with someone else).
 
 
 6
 Because we find that the allegations concerning the Minoco Agreements are sufficient to defeat a motion for dismissal for failure to state a claim, we do not need to consider extensively the second transaction alleged to be a security. The district court concluded that that transaction, the sale of limited partnership interests in SOCOL, did not constitute a security because any practices forbidden by the securities laws did not occur in connection with the sale of the partnership interests. The fact finder must look at "the economic realities underlying a transaction," United Housing Foundation, Inc. v. Forman, 421 U.S. 837, 849, 95 S.Ct. 2051, 2059, 44 L.Ed.2d 621 (1975), and the economic realities alleged in the complaint are that the formation of the limited partnership was tied with the agreements to convey interests in oil and gas rights and to finance the program. These acts can be read to have occurred "in the offer or sale of," 15 U.S.C. Sec. 77q(a), and "in connection with the purchase or sale of," 15 U.S.C. Sec. 78j(b), the fractional interest in the oil and gas leasehold. Under the broad construction to be given remedial legislation such as the Securities Act and the Securities Exchange Act, see SEC v. Glenn W. Turner Enterprises, Inc., 474 F.2d 476, 480 (9th Cir.), cert. denied, 414 U.S. 821, 94 S.Ct. 117, 38 L.Ed.2d 53 (1973), such allegations are sufficient to defeat a motion to dismiss.
 
 III. Pendent State Law Claims
 
 7
 SOCOL asserted claims for fraud, specific performance, and state securities law violations. The district court dismissed these state law claims when it dismissed the federal claims. The "determination of whether to exercise jurisdiction over pendent state claims is within the discretion of the district court, and the district court is not required to exercise such jurisdiction." Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1318 (9th Cir.1985); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Thus we remand for the district court to consider whether the state law claims should be reinstated.
 
 IV. Conclusion
 
 8
 For the reasons set forth, we reverse the district court's order dismissing the complaint. The district court's reasons for dismissing the RICO claim cannot stand in light of the recent decision of the Supreme Court in Sedima. Reading the complaint liberally, we reverse the dismissal of the securities claims because a triable issue of fact remains as to whether the transactions meet the risk capital test for finding a "security." Because the district court dismissed the pendent state law counts based on its dismissal of the federal counts, those claims are remanded to the district court for further consideration.
 
 
 9
 REVERSED and REMANDED.