**Harris A. GROTE, Plaintiff–Appellant,**

v.

**TRANS WORLD AIRLINES, INC.; Fred Vanhoosen; Douglas Heggie; Lawrence Marinelli, M.D.; Bradford Berg, Defendants–Appellees.**

No. 89–55262.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 1990.

Decided June 14, 1990.

Howard D. Finkelstein, Finkelstein & Associates, San Diego, Cal., for plaintiff-appellant.

L.B. Chip Edleson and Fred M. Plevin, Gray, Cary, Ames & Frye, San Diego, Cal., for defendants-appellees.

Before GOODWIN, Chief Judge, TANG and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Harris A. Grote appeals the district court's grant of Trans World Airlines' (TWA) motion to dismiss his first amended complaint with prejudice. Because Grote's claim is preempted by the Railway Labor

Act (RLA), 45 U.S.C. §§ 151–188 (1982), we affirm.

## FACTS

On March 12, 1987, Grote, a former TWA pilot, filed a complaint against TWA, *et al.*, in California Superior Court alleging wrongful termination, breach of the covenant of good faith and fair dealing, breach of contract, intentional and negligent infliction of emotional distress, defamation, and fraud. Grote claims that he suffered a mild heart attack while on duty, and six subsequent incidents of chest pain. His complaint alleged that TWA asked him to perjure himself to the Federal Air Surgeon in order to get recertified to resume his pilot duties.[1] Grote claims that his refusal to do so resulted in his termination.

Grote's action was removed to district court because it involved the interpretation of a TWA collective bargaining agreement, and therefore arose under the RLA, 45 U.S.C. §§ 151–188.[2] TWA then filed a motion to dismiss Grote's claims. In opposition to this motion, Grote voluntarily dismissed his breach of contract claim and requested remand to the state court. Grote claimed that only the breach of contract cause of action implicated the collective bargaining agreement, and that without it there was no longer a basis for federal jurisdiction. The district court disagreed and dismissed all causes of action without prejudice, stating that the entire claim was preempted by the RLA.

Grote subsequently filed an amended complaint claiming breach of the covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, and defamation. Grote made an additional claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1982). The district court dismissed all claims with prejudice because "each cause of action is preempted by the Railway Labor Act." Grote's timely appeal presents

1. TWA denies this allegation, but for the purpose of this appeal from the dismissal of the complaint, we must accept it as true. *Simon Oil Co. v. Norman,* 789 F.2d 780, 781 (9th Cir.1986).

2. "All of the provisions of subchapter I of [the RLA] ... are extended to and shall cover every common carrier by air engaged in interstate or foreign commerce...." 45 U.S.C. § 181 (1982).

three questions: 1) Whether his state law claims are preempted by the RLA; 2) Whether his original complaint should have been remanded to state court after the removal of the breach of contract cause of action; and 3) Whether he has a cause of action under the FELA.

## DISCUSSION

"A dismissal for failure to state a claim ... is a ruling on a question of law and is subject to *de novo* review." *Kelson v. City of Springfield*, 767 F.2d 651, 653 (9th Cir.1985).

### 1. *RLA Preemption*

In *Lewy v. Southern Pac. Transp. Co.*, 799 F.2d 1281 (9th Cir.1986), we restated our earlier holding that "the RLA preempts state tort claims by employees against [their employers] for wrongful discharge or for intentional infliction of emotional distress, where the alleged tortious activity is ' "arguably" governed by the collective bargaining agreement ...' and where 'the gravamen of the complaint is wrongful discharge.'" *Id.* at 1290 (quoting *Magnuson v. Burlington N., Inc.*, 576 F.2d 1367, 1369–70 (9th Cir.), *cert. denied*, 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978)).

Grote complains that TWA required him to perjure himself to the Federal Air Surgeon in order to obtain medical certification. Paragraph 16(I) of the instant collective bargaining agreement deals with TWA's ability to require any of its pilots to maintain a current medical certificate. Thus, the subject of Grote's claim is at least "arguably governed" by paragraph 16(I) of the agreement. *Lewy*, 799 F.2d at 1290. Furthermore, because Grote's entire claim is in response to an alleged wrongful termination (as illustrated by his original complaint in which wrongful termination was the first cause of action), "the gravamen of [Grote's] complaint is wrongful discharge." *Id.* Therefore, according to *Lewy*, Grote's action is preempted by the RLA.

Grote cites *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), in support of his argument that he can seek a state law remedy as long as it is " 'independent' of the collective-bargaining agreement." *Id.* 486 U.S. at 407, 108 S.Ct. at 1882. The Court in *Lingle* held that, even though § 301 of the Labor–Management Relations Act (LMRA) preempts state law claims arising under collective bargaining agreements, a state claim independent of the agreement could be made. *Lingle*, 486 U.S. at 407, 108 S.Ct. at 1882. *Lingle*, however, is inapposite because it deals with preemption under § 301 of the LMRA, 29 U.S.C. § 185.

The preemption created under the RLA and that arising under § 301 of the LMRA are not analogous. The RLA dispute resolution provisions were enacted specifically

> [t]o *avoid any interruption* to commerce or to the operation of any carrier engaged therein; ... to provide for the *prompt and orderly* settlement of all disputes concerning rates of pay, rules, or working conditions; ... [and] to provide for the *prompt and orderly* settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions.

45 U.S.C. § 151a (emphasis added). In drafting this section of the RLA, Congress made clear its interest in keeping railroad labor disputes simple and out of the reach of the often lengthy court process.

Section 301 of the LMRA, on the other hand, merely states that "[s]uits for violation of contracts between an employer and a labor organization ... may be brought in any district court of the United States." 29 U.S.C. § 185(a) (1982). On its face, § 301 creates concurrent state and federal jurisdiction over specified labor disputes. *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 506, 82 S.Ct. 519, 522, 7 L.Ed.2d 483 (1962). It was not until the Supreme Court's decision in *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962), that § 301 was interpreted as barring state law claims. *Id.* 369 U.S. at 103, 82 S.Ct. at 576. Therefore, because the RLA's preemptive force appears on the face of the statute and § 301

preemption is judicially imposed, we conclude that preemption under the RLA is broader than under § 301. Grote's analogy to *Lingle*, which discusses an exception to § 301 preemption, is therefore unpersuasive.

Grote also relies on *Atchison, T. & S.F. Ry. v. Buell*, 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), which states that an employee governed by the RLA can sue his employer if the claim " 'is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.' " *Id.* 480 U.S. at 565, 107 S.Ct. at 1415 (quoting *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 737, 101 S.Ct. 1437, 1443, 67 L.Ed.2d 641 (1981)). In his brief, Grote alleges that his "minimum substantive guarantees," *id.*, were violated through his "wrongful discharge, as well as [TWA's] intentional and negligent infliction of emotional distress, and defamation, [which] constitute tort claims under *state* law." (Emphasis added.) *Buell*, however, empowered an employee to bring claims arising only under *federal* law. Because Grote is attempting to salvage his state law claims, his reliance on *Buell* is misplaced.

■ It stands to reason that Congress can, within the bounds of rationality, enact a statute overriding part or all of any other federal statute. The decision in *Buell* is the product of Congress' power to limit the ambit of its own laws. Hence, the court in *Buell* allowed an employee governed by the RLA to sue his employer based on a federal statute, despite the RLA's provisions for alternate dispute resolution.

It is quite different, however, to allow a state claim to undermine a federal statute barring that type of claim. Such a decision would rob Congress of any real preemptive power. Because Grote sought to circumvent congressional preemption with state causes of action, the district court's dismissal of his claims was justified.

### 2. Failure to Remand

■ When a plaintiff's claims are completely preempted by the RLA, a district court has no discretion to remand the claims to a state court. *Price v. PSA*, 829 F.2d 871, 874–76 (9th Cir.1987), *cert. denied*, 486 U.S. 1006, 108 S.Ct. 1732, 100 L.Ed.2d 196 (1988). All of Grote's state law claims were implicitly based on a claim of wrongful termination, and therefore were completely preempted by the RLA. *Lewy*, 799 F.2d at 1290. We therefore hold that the district court did not err in failing to remand Grote's complaint.

### 3. Federal Employers' Liability Act

■ The FELA states that "[e]very common carrier by *railroad* while engaging in [interstate] commerce ... shall be liable in damages to any person suffering injury while he is employed by such carrier." 45 U.S.C. § 51 (emphasis added). Grote contends that by bringing the "airline industry under the dictates of the RLA by amendment thereto," Congress intended to give the airline industry all of the benefits entitled to the railway industry, and that he too, therefore, may state a claim pursuant to the FELA. We disagree.

When Congress extended the application of the RLA to the airline industry in 1936, *see* 45 U.S.C. § 181, it expressly limited this extension to parts of Title 45, chapter 8. The FELA appears in chapter 2 of Title 45, and is therefore not included in this extension. Had Congress intended the FELA to apply to air carriers, it was perfectly capable of so providing. Grote cannot now ask this court to amend the FELA in a way that he wishes Congress had. As the statute stands today, Grote has no claim under the FELA.

■ Grote argues that to provide the protection of the FELA to railroad employees but not to airline employees would violate the equal protection clause. Because the challenged classification does not "interfere[ ] with the exercise of a fundamental right or operate[ ] to the peculiar disadvantage of a suspect class," the statute withstands scrutiny if it has some rational basis. *Brandwein v. California Bd. of Osteopathic Examiners*, 708 F.2d 1466, 1470 (9th Cir.1983). Grote's bald allegation that a statute violates equal protection is

insufficient to shift the burden of proof to the party defending the statute's validity. Instead, "legislative Acts adjusting the burdens and benefits of economic life come to [this c]ourt with a presumption of constitutionality, and ... the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976). We see no reason why this same burden should not apply to Grote's equal protection claim. Grote has failed to meet that burden of "establish[ing] that the legislature has acted" irrationally. *Usery*, 428 U.S. at 15, 96 S.Ct. at 2892. In fact, Grote, in his brief, attempts to shift the burden entirely onto TWA to show that such a denial *is* rational. "Defendants cannot point to any basis which would render a classification differentiating between the rights of railroad workers and airline workers for protection against tortious conduct under the FELA non-arbitrary." In attempting to deflect the burden onto TWA, Grote has failed to satisfy his own burden of showing irrationality.

## CONCLUSION

Because Grote's state law claims are at least arguably governed by the collective bargaining agreement, and because they are implicitly founded on a wrongful termination claim, they are completely preempted by the RLA. This preemption justifies the district court's refusal to remand Grote's state law claims to state court. We similarly reject Grote's contention that the FELA is or should be made applicable to airline employees. Congress has not, in fact, extended the FELA to airline employees, and we do not find that its failure to do so violates equal protection. The district court's dismissal of Grote's complaint with prejudice is therefore

AFFIRMED.