946 F.2d 894
 149 L.R.R.M. (BNA) 2128, 3 A.D. Cases 1600
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry ESPINOSA, Plaintiff-Appellant,
v.
NORFOLK AND WESTERN RAILWAY COMPANY, Defendant-Appellee.
 No. 90-2385.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1991.
 
 Before KEITH and BOYCE F. MARTIN, JR., Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Henry Espinosa appeals the district court's grant of defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction in this diversity action alleging a violation of the Michigan Handicapper's Civil Rights Act, Mich.Comp.Laws § 37.1101-.1607 (1979). Espinosa argues that the district court erred in dismissing his action because his complaint alleges an independent violation of state law unrelated to the collective bargaining agreement that otherwise governs his rights against his employer. Because we find this case to be virtually identical to our previous holding in McCall v. Chesapeake & Ohio Ry. Co., 844 F.2d 294 (6th Cir.1988) (Michigan Handicapper's Act suit filed by terminated insulin-dependent diabetic preempted by Railway Labor Act, 45 U.S.C. §§ 151, et seq. (1988)), we affirm the judgment of the district court that the Michigan Handicapper's statute is preempted by the Railway Labor Act, 45 U.S.C. § 151, et seq., which provides the exclusive mechanism for resolving employment disputes that arise out of the collective bargaining agreement.
 
 
 2
 Norfolk & Western Railway hired Espinosa in March of 1977; he assumed the position of switchman operator in August of that same year. Pursuant to company policy, Espinosa filled out an employment application in which he denied ever having suffered a seizure or unconscious spell. This information was inaccurate as medical records reveal that Espinosa had suffered an epileptic seizure in his teens.
 
 
 3
 On August 18, 1987, Espinosa experienced a severe epileptic seizure while at work. Norfolk & Western's medical director examined Espinosa, and thereafter advised Norfolk & Western that Espinosa was incapable of satisfactorily performing his job duties because of his epilepsy. Norfolk & Western suspended Espinosa pursuant to Article 27 of the collective bargaining agreement that was in effect between the parties and created pursuant to the Railway Labor Act. Article 27 of the agreement permits Norfolk & Western to disqualify medically unfit employees and provides a detailed procedure for challenging such disqualification. Rather than complying with those procedures, Espinosa first filed an unsuccessful complaint against the defendant with the Office of Federal Contract Compliance Programs, then filed the suit that forms the basis of this appeal.
 
 
 4
 The district court determined that Espinosa's claim was a "minor dispute" under the Railway Labor Act because it involves the interpretation of Article 27 of the existing collective bargaining agreement. Local 1477 Transp. Union v. Baker, 482 F.2d 228 (6th Cir.1973) (disputes under the Railway Labor Act are considered "minor" if they may be resolved by reference to the existing collective bargaining agreement). The Railway Labor Act requires that such minor disputes be submitted through the grievance procedures described in the collective bargaining agreement. Andrews v. Louisville & N.R. Co., 406 U.S. 320, 322 (1972) (grievance procedures of the collective bargaining agreement are the mandatory and exclusive means of settling minor disputes). Any minor dispute not settled through the grievance procedures must be submitted to the exclusive jurisdiction of the National Railroad Adjustment Board. 45 U.S.C. § 153 First (i). Congress designed the exclusivity provisions of the Railway Labor Act and they operate to eliminate the crippling effect of labor disputes that threaten railway interstate commerce. Accordingly, the district court determined that, in order to effectuate federal policy, the Railway Labor Act preempts Espinosa's Michigan Handicapper's claim.
 
 
 5
 On appeal, Espinosa argues the district court erred in dismissing his Michigan Handicapper's claim because it arises independently of the collective bargaining agreement. See Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399 (1988) (state law claim is independent, and thus not subject to preemption, if it can be resolved without reference to the collective bargaining agreement). We disagree.
 
 
 6
 In McCall v. Chesapeake & Ohio Ry. Co., 844 F.2d at 301, this court considered the issue of whether the Railway Labor Act preempted a diabetic railworker's action for discrimination under the Michigan Handicapper's Act. The court concluded that because the inquiry of the arbitrator under the Railway Labor Act and the jury under the Michigan Handicappers Act was so similar, preemption was required to effectuate the federal policy of streamlined dispute resolution. We find McCall dispositive in this matter. Espinosa's argument that McCall is no longer effective in light of Lingle and Smolarek v. Chrysler Corp., 879 F.2d 1326 (6th Cir.1989) (en banc) (Michigan Handicapper's Act not preempted by Labor Management Relations Act), is misplaced.
 
 
 7
 This court clearly stated in our order declining rehearing in McCall:
 
 
 8
 The Court has reviewed the slip opinion submitted and concludes that the Lingle case does not dictate a contrary result. In the instant case the state handicap action can only succeed under the Supremacy Clause of the Constitution if the collective bargaining agreement adopted under the Railway Labor Act is interpreted to mean that the employee's handicap is unrelated to job performance. If the handicap is job related, management has authority under the collective bargaining agreement to terminate. Thus the state law handicap action necessarily requires an interpretation of the collective bargaining agreement concerning the job relatedness of the employee's handicap. Lingle holds that in such cases requiring contract interpretation the state law action must be preempted.
 
 
 9
 Id. at 304. We are not presently inclined to depart from our view of Lingle as expressed in McCall.
 
 
 10
 As for Espinosa's claim that our en banc decision in Smolarek displaces McCall, we find this argument to be clearly contrary to existing case law. Smolarek established that the Labor Management Relations Act did not preempt a Michigan Handicapper's Act claim. Smolarek, 879 F.2d at 1334. Smolarek did not involve the Railway Labor Act and so is entirely distinguishable from McCall. Id. at 1335 n. 4. Because preemption is broader under the Railway Labor Act than under the Labor Management Relations Act, we find Smolarek to be unpersuasive in this context. Grote v. Trans World Airlines, Inc., 905 F.2d 1307, 1310 (9th Cir.1990); Beard v. Carrollton R.R., 893 F.2d 117, 122 (6th Cir.1989).
 
 
 11
 For the foregoing reasons, the judgment of the district court is affirmed.