951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
V.M. WORSTELL, et al. Defendants-Appellants.
Patrick R. BOWLING, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 91-35208, 91-35209, 91-35210, 91-35219, 91-35221,
91-35420, 91-35448, and 91-35175.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1991.
Decided Dec. 16, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these consolidated cases, V.M. Worstell, Colin McGregor, Doyle Muchmore, Larry Ralph Miller, Jerry Donald Stewart, Terrance Gow, and Patrick R. Bowling appeal denials of their respective 28 U.S.C. § 2255 motions. Each appellant was convicted on charges involving methamphetamine. The district court rejected appellants' various attacks on the legal status of methamphetamine as a controlled substance. Reviewing de novo the decisions dismissing appellants' motions to vacate sentence, see United States v. Quan, 789 F.2d 711, 713 (9th Cir.), cert. dismissed, 478 U.S. 1033 (1986), we affirm.
 
 
 3
 * Appellants first argue that, because the Attorney General has excluded from the schedules of controlled substances particular medications containing methamphetamine (i.e., Rynal and Vicks Inhaler), and because the Attorney General may be compelled by statute to exclude other such substances, methamphetamine in all forms must be deemed excluded from the controlled substance schedules. We have recently rejected this argument. United States v. Durham, 941 F.2d 886, 889-90 (9th Cir.1991); United States v. Caperell, 938 F.2d 975, 978-79 (9th Cir.1991). We do so again here.[1]
 
 
 4
 Both Durham and Caperell decided this issue after it was raised in those cases for the first time on appeal. Durham, 941 F.2d at 888; Caperell, 938 F.2d at 977. Appellants seek to distinguish Caperell and, implicitly, Durham, on the ground that in the present case the issue was considered below. Specifically, appellants contend that the present record includes evidence that methamphetamine remains unchanged when incorporated into the excluded medications, and that methamphetamine is easily extracted from the excluded medications. Based on this evidence, appellants further contend that the methamphetamine in Vicks Inhaler and Rynal continues to present a potential for abuse. Cf. Caperell, 938 F.2d at 978 ("Unlike the nearly pure methamphetamine manufactured by Caperell, the Attorney General has determined that the substance Rynal does not present a significant potential for abuse.").
 
 
 5
 Although the significance of this argument is unclear, we may reject it as wrongly premised on the assumption that potential for abuse is a measure of the ease with which a controlled substance can be extracted from an excluded medication. As the Caperell decision indicates, see id., the concern for abuse of excluded medications focuses on the medications themselves, not on their respective ingredients. The law presumes that the criminal sanctions relating to controlled substances will deter the extraction of such substances from excluded medications.[2]
 
 II
 
 6
 Appellants further argue that the legal distinction between methamphetamine and the excluded medications violates substantive due process, and that the legal distinction between individuals prosecuted for controlled substance crimes involving methamphetamine and individuals permitted to use excluded medications containing methamphetamine violates equal protection. Appellants' arguments are meritless. Because these distinctions neither interfere with the exercise of a fundamental right nor implicate a suspect classification, they will withstand scrutiny if supported by a rational basis. See Bowers v. Hardwick, 478 U.S. 186, 196 (1986) (regarding due process challenge); Grote v. Trans World Airlines, 905 F.2d 1307, 1310 (9th Cir.) (regarding equal protection challenge), cert. denied, 111 S.Ct. 386 (1990); see also Munoz v. Sullivan, 930 F.2d 1400, 1404 n. 10 (9th Cir.1991) (regarding similarity between due process and equal protection analyses). The finding that excluded medications such as Vicks Inhaler and Rynal do not pose a significant potential for abuse relative to purer forms of methamphetamine, see Caperell, 938 F.2d at 978, provides a sufficient basis on which to uphold the distinctions challenged by appellants.[3]
 
 
 7
 Appellants raises the additional argument that the regulatory scheme is so ambiguous that it fails to give sufficient notice that certain activity has been deemed criminal. See United States v. Batchelder, 442 U.S. 114, 123 (1979) (indicating due process requires that criminal statutes give a person of ordinary intelligence fair notice that contemplated conduct is forbidden). We reject this contention, which is founded primarily on the misreading of 21 U.S.C. § 811(g)(1) as requiring the exclusion of all forms of methamphetamine from the controlled substances schedules.
 
 
 8
 This court has previously upheld the constitutionality of the Attorney General's role in scheduling controlled substances. United States v. Davis, 564 F.2d 840, 843-44 (9th Cir.1977), cert. denied, 434 U.S. 1015 (1978). As evidenced by the discussions in Durham and Caperell, the criminal aspects of the regulatory scheme constructed by Congress and the Attorney General operate in a coherent and understandable manner. This is enough to answer appellants' generalized attack on the relevant legal provisions.
 
 III
 
 9
 Finally, appellant Bowling contends that because 21 U.S.C. § 956(b) does not authorize the exclusion of Schedule II substances, the Attorney General was not authorized to exclude medications containing methamphetamine.[4] Again, the relevance of this argument is unclear. In any event, section 956(b) does not purport to be the sole provision authorizing the Attorney General to exclude certain substances from the schedules of controlled substances. Vicks Inhaler and Rynal were excluded pursuant to 21 U.S.C. § 811(g)(1). See Durham, 941 F.2d at 889. Section 811(g)(1) does not limit the Attorney General in the schedules from which she may exclude certain medications.
 
 IV
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by
 
 
 [1]
 Appellant Bowling argues that this conclusion is contrary to the plain language of the Controlled Substances Act, which speaks in terms of substances rather than products. However, as we indicated in Caperell, legislative history confirms our reading of 21 U.S.C. § 811(g)(1) as permitting the Attorney General to exclude certain medications from the schedules of controlled substances. See Caperell, 938 F.2d at 978
 
 
 [2]
 Appellants are thus mistaken in their belief that methamphetamine extracted from excluded medications will somehow avoid criminal sanctions relating to controlled substances. It is only the fact that the controlled substance is bound up within the excluded medication that shields an individual using the excluded medication from criminal sanctions. See Durham, 941 F.2d at 890. This shield renders irrelevant appellants' citation to Chapman v. United States, 111 S.Ct. 1919 (1991), in which the Supreme Court upheld the use of the weight of all material infused with a controlled substance for purposes of determining eligibility for a mandatory minimum sentence
 
 
 [3]
 Appellant Bowling faults the district court for allegedly relying on the fact that only small amounts of methamphetamine are found in Vicks Inhaler and Rynal. We fail to see how this argument assists Bowling. In any event, it is the reduced potential for abuse, and not necessarily the small amount of the controlled substance contained in the excluded medication, which justifies exclusion of the medication from a controlled substances schedule
 
 
 [4]
 Bowling erroneously refers to "21 U.S.C. § 812(d)" in discussing section 956(b)