**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALGIA MOORE-THOMAS,
individually, and on behalf of all
other persons similarly situated,
   *Plaintiff-Appellant,*

   v.

ALASKA AIRLINES, INC., a Foreign
Corporation,
   *Defendant-Appellee.*

No. 06-35923

D.C. No.
CV-06-00652-BR

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted
October 24, 2008—Portland, Oregon

Filed January 27, 2009

Before: A. Wallace Tashima and Milan D. Smith, Jr.,
Circuit Judges, and George H. Wu,* District Judge.

Opinion by Judge Milan D. Smith, Jr.

---

*The Honorable George H. Wu, United States District Court Judge for
the Central District of California, sitting by designation.

**COUNSEL**

A.E. Bud Bailey, Jacqueline L. Koch, and Gary A. Parks, Bailey Pinney & Associates, LLC, Vancouver, Washington, for the plaintiff-appellant.

Brenda K. Baumgart, Barren Liebman, LLP, Portland, Oregon, for the defendant-appellee.

**OPINION**

MILAN D. SMITH, JR., Circuit Judge:

   Plaintiff-Appellant Algia Moore-Thomas (Moore-Thomas) appeals the district court's dismissal of her uncertified class action in which she alleges that Defendant-Appellee Alaska Airlines, Inc. (Alaska) willfully failed to pay her and other former employees all wages due upon termination, at the time and in the manner required by Oregon Revised Statutes (Or. Rev. Stat.) § 652.140. Moore-Thomas argues that the district

court erred by concluding that the Railway Labor Act (RLA), 45 U.S.C. §§ 151-63, 181-88, completely pre-empts her state law claim, by denying her motion to remand, and by granting Alaska's motion to dismiss for lack of subject matter jurisdiction. Because the RLA does not completely pre-empt Moore-Thomas's claim, we reverse and remand with instructions to vacate the judgment and remand the action to state court.

## FACTUAL AND PROCEDURAL BACKGROUND

Alaska employed Moore-Thomas as a customer service agent in Portland, Oregon. A collective bargaining agreement (CBA) between Alaska and its clerical, office, and passenger-service employees governed her employment.

In March 2006, Moore-Thomas and certain other former Alaska employees filed a class-action complaint against Alaska in Oregon state court. Their complaint asserts that Alaska willfully failed to pay them all wages due on termination of their employment, in violation of Or. Rev. Stat. § 652.140. Moore-Thomas seeks statutory penalties, costs and disbursements, pre- and post-judgment interest, and reasonable attorneys' fees on behalf of herself and all others similarly situated.

Alaska timely removed the action to the district court, pursuant to 28 U.S.C. §§ 1441(a) and 1446(b). In its removal petition, Alaska stated that the district court had jurisdiction pursuant to 28 U.S.C. § 1331 because the RLA governed the action.[1]

Once in federal court, Alaska filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Proce-

---

[1]Alaska did not rely on diversity of citizenship as an alternate ground to sustain removal jurisdiction in either its removal petition or its opposition to Moore-Thomas's motion to remand. We therefore do not consider that ground on appeal.

dure, alleging that the district court lacked subject matter jurisdiction because the RLA pre-empts Moore-Thomas's state law claim, and because she had not complied with the RLA's mandatory arbitration provisions. Moore-Thomas then filed a motion to remand the action to state court, arguing that the district court lacked subject matter jurisdiction because the RLA does not pre-empt her claim.

The district court ruled that the RLA completely pre-empts Moore-Thomas's action because her claim requires interpretation of the CBA. Accordingly, the district court concluded that removal was proper, denied Moore-Thomas's motion to remand, and granted Alaska's motion to dismiss for lack of subject matter jurisdiction in light of the parties' failure to arbitrate the claim pursuant to the RLA. Moore-Thomas timely appealed.

## STANDARD OF REVIEW AND JURISDICTION

We review both the district court's pre-emption analysis and denial of the motion to remand *de novo*. *Olympic Pipe Line Co. v. City of Seattle*, 437 F.3d 872, 877 n.12 (9th Cir. 2006) (pre-emption analysis); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir. 1998) (motion to remand). We have jurisdiction over Moore-Thomas's appeal pursuant to 28 U.S.C. § 1291.

## DISCUSSION

Moore-Thomas argues that the district court erred in denying her motion to remand because the RLA does not completely pre-empt her state law claim.

### A.   Pre-emption and Subject Matter Jurisdiction

[1] Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the

action. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether an action arises under federal law, a court applies the " 'well-pleaded complaint rule.' " *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (quoting *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Under this rule, a claim arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

**[2]** "A resulting corollary to the well-pleaded complaint rule, known as the complete preemption doctrine, provides that 'Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.' " *Toumajian*, 135 F.3d at 653 (quoting *Metro. Life*, 481 U.S. at 63-64). "[I]f a federal cause of action completely preempts a state cause of action[,] any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24 (1983).

A motion to remand is the proper procedure for challenging removal. 28 U.S.C. § 1447(c). The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id.*

## B.   Pre-emption Under the RLA

**[3]** In *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994), the Supreme Court held that the pre-emption standard applied under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, is also appropriate for addressing questions of RLA pre-emption—*i.e.*, that the RLA similarly

"pre-empts state law only if a state-law claim is dependent on the interpretation of a CBA." *Hawaiian Airlines*, 512 U.S. at 262-63 & n.9. Given the intra-circuit conflict in some of our cases (*infra*), the district court here understandably impliedly interpreted the analogy drawn between LMRA and RLA pre-emption in *Hawaiian Airlines* as rendering the two standards fully coequal such that LMRA *complete* pre-emption applies in the RLA context as well. Specifically, the district court noted that "the preemption standard in the RLA context 'is virtually identical to the pre-emption standard . . . in cases involving § 301 of the LMRA . . . .' " (quoting *Hawaiian Airlines*, 512 U.S. at 260). The district court then stated, "LMRA § 301 completely preempts 'claims founded directly on rights created by collective bargaining agreements, and also claims substantially dependent on analysis of a collective bargaining agreement,' " (quoting *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc) (internal quotation marks omitted)), and assumed throughout the rest of the opinion that the RLA is also subject to complete pre-emption.

Moore-Thomas contends that the district court erred in its reasoning because the RLA is subject to "ordinary" rather than "complete" pre-emption. She asserts that the distinction is crucial because, under the complete pre-emption exception to the well-pleaded complaint rule, "federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded." *Valles*, 410 F.3d at 1075. By contrast, under ordinary pre-emption, the well-pleaded complaint rule applies such that "[a] federal law defense to a state-law claim . . . , even if the defense is that of federal pre-emption and is anticipated in the plaintiff's complaint," is insufficient to confer federal jurisdiction if the complaint on its face does not present a federal question. *Id.* Because only ordinary pre-emption applies, she argues, and because her complaint presents only state law questions, the district court impermissibly relied on Alaska's pre-emption defense in concluding that the RLA governed her action. We agree that the RLA does not provide a basis for finding complete pre-emption in this case and that, as a result,

Alaska's removal on the grounds of the RLA's governing this action was improper. We, therefore, do not reach the question of whether ordinary pre-emption serves as a defense to Moore-Thomas's claim.

[4] In *Sullivan v. American Airlines*, 424 F.3d 267 (2d Cir. 2005), the Second Circuit concluded that the Supreme Court's decision in *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003), clarified that complete pre-emption does not apply under the RLA. *Sullivan*, 424 F.3d at 275. The Second Circuit cited the Supreme Court's observation in *Beneficial National Bank* to the effect that " '[i]n the *two categories* of cases where this Court has found complete preemption—certain causes of action under the LMRA and ERISA[²]—the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.' " *Sullivan*, 424 F.3d at 275 (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8 (emphasis added)). According to the Second Circuit, "[h]ad *Hawaiian Airlines* established that § 184 of the RLA, like § 301 of the LMRA, completely preempted state-law causes of action within its scope, the Court in *Beneficial National Bank* would have discussed three, not two, categories of cases involving complete preemption." *Id.*

[5] Although the Supreme Court in *Beneficial National Bank* actually added a third category of cases requiring complete pre-emption by holding that the National Bank Act, 12 U.S.C. §§ 85-86, completely pre-empts state usury claims, *Beneficial Nat'l Bank*, 539 U.S. at 11, we are persuaded by the reasoning of *Sullivan*, and likewise hold that the RLA is not subject to complete pre-emption. Our holding is buttressed by the Supreme Court's explanation that a federal statute must provide the "exclusive cause of action" for complete pre-emption to apply:

---

²The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

> Does the National Bank Act provide the exclusive cause of action for usury claims against national banks? If so, then the cause of action necessarily arises under federal law and the case is removable. If not, then the complaint does not arise under federal law and is not removable.

*Beneficial Nat'l Bank*, 539 U.S. at 9. Accordingly, even though the petitioners' removal petition in *Beneficial National Bank* demonstrated that § 85 of the National Bank Act would provide a complete federal defense, removal was proper only in light of the "Court's longstanding and consistent construction of the National Bank Act as providing an exclusive federal cause of action for usury against national banks." *Id.* at 10.

By contrast, the RLA does *not* provide an exclusive federal cause of action. Rather than allowing disputes between airlines and their employees that "grow[ ] out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions" to be filed initially in federal court, the RLA instead requires submission of such disputes to internal dispute-resolution processes and then to a division of the National Adjustment Board or an arbitration board selected by the parties. 45 U.S.C. §§ 153 and 184. Only after "the grievance has been heard by the adjustment board [does] exclusive jurisdiction rest[ ] with the federal court." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 192 (9th Cir. 1983).

**[6]** Given the Supreme Court's ruling in *Beneficial National Bank*, it is clear that the district court erred when it assumed that the RLA is subject to complete rather than ordinary pre-emption in holding that removal was proper. *See* 15 MOORE'S FEDERAL PRACTICE § 103.45[3][b] (3d ed. 2008) (citing *Beneficial National Bank* for the proposition that: "[T]he Railway Labor Act . . . does not *completely* preempt state law claims arising out of railroad labor disputes and, therefore,

does not provide a ground for removal of such claims to federal court. The Act does not provide a federal cause of action, without which complete preemption . . . cannot exist.").

In the past, certain of our precedents created an intra-circuit conflict on the question of whether the RLA completely preempts state law claims. In *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 669 n.4 (9th Cir. 1993), we observed:

> There is apparently a conflict in this circuit over whether complete preemption applies to suits involving the Railway Labor Act (RLA), 45 U.S.C. § 151, *et seq. Compare Price v. PSA Inc.*, 829 F.2d 871 (9th Cir. 1987) . . . (RLA does not have complete preemptive power) with *Grote v. Trans World Airlines, Inc.*, 905 F.2d 1307 (9th Cir. 1990)[ ] (citing *Price* with approval on a related issue, but then holding, without discussion, that RLA does have complete preemptive power.)

**[7]** In light of the Supreme Court's ruling in *Beneficial National Bank,* we hold that to the extent this court's prior decision in *Grote v. Trans World Airlines, Inc.*, 905 F.2d 1307, 1310 (9th Cir. 1990), ruled that the RLA is subject to complete pre-emption, that holding is clearly irreconcilable with *Beneficial National Bank*, and is effectively overruled. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (noting that "where intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority[,] . . . a three-judge panel of this court and district courts should consider themselves bound by [that] intervening higher authority and reject the prior opinion of this court as having been effectively overruled"). We also hold that to the extent *Schroeder* ruled that federal question jurisdiction always or automatically exists whenever a removal petition contains additional facts evidencing "[t]he application of [the RLA] and the necessity of its interpretation," 702 F.2d at 191, that

holding is also effectively overruled by *Beneficial National Bank*.

## CONCLUSION

[8] Even assuming that Alaska's removal petition demonstrates that the RLA provides a complete federal defense to Moore-Thomas's state wage and hour claim, because the RLA is subject to ordinary rather than complete pre-emption, her complaint does not arise under federal law and is not removable. The district court erred in determining otherwise and, as a result, we reverse and remand with instructions to vacate the judgment and remand the action to state court for lack of subject matter jurisdiction.

**REVERSED and REMANDED, with INSTRUCTIONS.**