**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL WEBB,

    Plaintiff - Appellant,

v.

DESERT BERMUDA
DEVELOPMENT COMPANY,

    Defendant - Appellee.

Nos. 11-56290

D.C. No. 5:08-cv-565-RBL-AJW

MEMORANDUM[*]

On Appeal from the United States District Court
for the Central District of California
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted April 9, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and MOLLOY, District
Judge.[**]

  This case arises out of a plane crash that killed a flight instructor and badly

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

injured the student pilot, Michael Webb. Desert Bermuda Development Corporation owned the airport.

Webb sued Desert Bermuda in California state court, alleging a state-law premises liability claim. The case was removed to federal district court, and the district court granted summary judgment in favor of Desert Bermuda. We vacate that decision because the district court did not have subject matter jurisdiction.

Webb did not challenge the district court's decision to not remand this case to state court, but we must sua sponte address our subject matter jurisdiction if it appears to be lacking. *See* 28 U.S.C. § 1447(c); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

This case was removed on the basis of the complete preemption doctrine. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 n.7 (9th Cir. 2000). The FAA does not create a federal cause of action for personal injury suits. *Martin ex rel. Heckman v. Midwest Express Holdings*, 555 F.3d 806, 808 (9th Cir. 2009) (citation omitted). Consequently, the complete preemption doctrine is inapplicable here and does not provide a basis for removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1245–46 (9th Cir. 2009) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9 (2003)).

We vacate the district court's disposition and remand with instructions that

the district court remand this case to state court. Because we vacate for lack of jurisdiction, we note that the state court will not be bound by the district court's determinations regarding preemption and California premises liability.

**VACATED and REMANDED.**