TIMOTHY M. BURGESS, UNITED STATES DISTRICT JUDGE
*1022 I. INTRODUCTION
This matter is before the Court on Plaintiff Dawn M. Peters' Motion to Remand, filed at docket 14,[1] which Defendant Alaska Trustee, LLC ("Alaska Trustee") opposes at docket 17. Neither party requested oral argument, nor is oral argument necessary to resolve the pending motion.[2] For the reasons that follow, Plaintiff's Motion to Remand is GRANTED.
II. BACKGROUND
According to her complaint, Peters secured a home loan, memorialized by a Deed of Trust ("DOT") recorded in the Kenai Recording District on May 20, 2011, from Residential Mortgage, LLC ("Residential Mortgage").[3] As security for the loan, Peters pledged her primary residence, identified as Plat No. 72-48, Tract 7, Riverwind 1 Subdivision.[4] First American Title of Alaska ("First American") was the original trustee, and the Mortgage Electronic Registration Systems, Inc. ("MERS") has been named as the "nominee" for Residential Mortgage and the beneficiary of the DOT.[5] The DOT states that "[i]f there is a surplus of Funds held in escrow ..., Lender shall account to Borrower for the excess funds in accordance with [the Real Estate Settlement Procedures Act]."[6]
Four years later, on June 18, 2015, the Kenai Recording District recorded a corporate assignment of deed of trust transferring the beneficial interest in Peters' DOT from MERS to Wells Fargo Bank, N.A. ("Wells Fargo").[7]
About a year after that, on June 13, 2016, Alaska Trustee sent Peters a notice informing Peters that Wells Fargo "ha[d] referred your loan to us for foreclosure."[8] The notice states that Peters owes $135,007.40, but "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due of the day you pay may be greater."[9]
On or about November 9, 2016, Wells Fargo sent Peters an escrow account disclosure statement informing her that although she had an overage of $495.27 in her escrow account, Wells Fargo was not crediting the amount to her because her loan was delinquent.[10]
Alaska Trustee conducted a foreclosure sale of Peters' home on January 3, 2017, and transferred the property to Wells Fargo.[11] Wells Fargo conveyed the home to the Federal Home Loan Mortgage Corporation ("Freddie Mac") one day later, on January 4, 2017.[12]
*1023 Three months later, on April 3, 2017, Peters filed a lawsuit for declaratory relief and damages against Alaska Trustee, Wells Fargo, and Freddie Mac in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.[13] Her complaint alleges four causes of action: breach of fiduciary duty against Alaska Trustee (Count I); unfair debt collection practices under Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPCPA") against Alaska Trustee (Count II); breach of contract against Wells Fargo (Count III); and quiet title against Freddie Mac (Count IV).[14]
Alaska Trustee removed the action on May 4, 2017 pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.[15] Wells Fargo and Freddie Mac consented to the removal on May 5, 2017,[16] and, on May 11, 2017, filed their own notice of removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.[17] Wells Fargo and Freddie Mac were dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) on June 28, 2017.[18] Shortly thereafter, on July 5, 2017, Peters filed the Motion to Remand currently pending before the Court.[19]
III. LEGAL STANDARD
Under 28 U.S.C. § 1441, a defendant may remove to federal court any civil action that could have originally been brought in federal district court.[20] A plaintiff may seek to have a case remanded to the state court from which it was removed if, inter alia , the district court lacks subject matter jurisdiction.[21] A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[22]
The removal statute is to be " 'strictly construed' against removal jurisdiction,"[23] and the defendant "always has the burden of establishing that removal is proper."[24] "[A]ny doubts as to the right of removal are to be resolved in favor of remand to the state court."[25]
IV. ANALYSIS
Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[26] An action "arises under" federal law when "federal law creates the cause of action."[27] "But even *1024 where a claim finds its origins in state rather than federal law," the Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies."[28] The Supreme Court uses the four-part Grable test to identify the claims that fit within that "special and small category" of exceptional cases. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[29]
Applying the Grable factors here, the Court concludes that this case does not fall within the "special and small category" of cases, as explained below.
a. A Federal Issue Is Necessarily Raised
Alaska Trustee argues that this case satisfies the first Grable factor because Peters' UTPCPA claim, as pled and under Alaska law, is entirely dependent upon a violation of the Fair Debt Collection Practices Act ("FDCPA").[30] Peters, however, maintains that Alaska Trustee cannot show under Baker v. Robinson Tait, P.S. and applicable Ninth Circuit case law that her UTPCPA claim necessarily raises a federal issue.[31]
In Rains v. Criterion Systems, Inc. , the Ninth Circuit considered "whether a plaintiff may allege a violation of Title VII of the Civil Rights Act of 1964's policy against religious discrimination as part of a state law cause of action without converting his claim into ... an action that depends on a substantial federal question."[32] The panel held that the plaintiff could, because his complaint set out three alternative means for establishing a disputed element of his state-law claim, only one of which clearly rested on a federal theory: "Although the complaint refers to Title VII as one basis for demonstrating that there is a public policy against employment discrimination on the basis of religious belief, the complaint also refers to the California Constitution and to the [California Fair Employment and Housing Act], both of which prohibit employment discrimination on the basis of religion."[33]
In so holding, the Rains Court explained that "[w]hen a claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal law theory-federal question jurisdiction does not attach because federal law is not a necessary element of the claim."[34] When undertaking that inquiry, a court's job "is not to focus on the prima facie elements of the state cause of action, but rather to determine the litigation reality."[35] That is, "the court *1025 must determine if the claim itself, as brought in each particular case, 'actually turn[s] on construction of [a] federal law.' "[36]
Here, the Court finds that Peters' UTPCPA claim actually turns on the construction of the FDCPA, and that the first Grable factor is satisfied. To begin with, Peter's complaint premises her UTPCPA cause of action exclusively on a violation of the FDCPA, asserting that "Alaska Trustee violated the FDCPA, and thus, the UTPCPA."[37] Her complaint does not identify any other grounds for why Alaska Trustee's alleged conduct violates the UTPCPA,[38] and resolution of her UTPCPA claim will therefore require "an independent assessment about whether [Alaska Trustee] violated [the FDCPA]."[39]
What is more, the Alaska Supreme Court has foreclosed Peters any alternative means of establishing her UTPCPA claim. In Alaska Trustee, LLC v. Bachmeier , the Alaska Supreme Court held that "the [UTPCPA] does not apply to nonjudicial deed of trust foreclosures"[40] like the foreclosure at issue in this case. Two years later, in Alaska Trustee, LLC v. Ambridge , the Alaska Supreme Court held that, its decision in Bachmeier notwithstanding, "violations of the FDCPA in the course of nonjudicial foreclosures" remain "unfair or deceptive acts or practices" actionable under the UTCPCA.[41] Reading these cases together, it is clear that post- Bachmeier , Peters' right to relief under the UTPCPA, based on the facts alleged in her complaint, depends entirely on whether Alaska Trustee was in violation of the FDCPA.[42] This case therefore necessarily raises a federal issue.[43]
To the extent the Court's holding is in conflict with Baker v. Robinson Tait, P.S. , on which Peters relies,[44] the Court respectfully disagrees with that decision, and in particular its reading of the Ninth Circuit's decision in Nevada v. Bank of America Corp.[45] The "gravamen" of the complaint at issue in Nevada was that the defendant *1026 "violated Nevada's [Deceptive Trade Practices Act ("DTPA") ] through numerous misrepresentations, some about the [Home Affordable Mortgage Program], and some which also violate the FDCPA."[46] The Ninth Circuit accordingly held that because the plaintiff's DTPA claims could be supported by "alternate and independent" state law theories, the complaint's "glancing reference to federal law" was "insufficient to confer federal jurisdiction over Nevada's state law claims."[47] As explained above, Peters' reference to federal law is not "glancing," but rather essential to her right to relief under the UTCPCA, distinguishing this case from Nevada .
b. The Federal Issue Is Actually Disputed
Turning to the second Grable factor, a federal issue is actually disputed if it is " 'the primary focus of the [c]omplaint' not 'merely ... a peripheral issue.' "[48] Alaska Trustee's potential liability under the FDCPA is certainly a, if not the, "central point of dispute" in the present litigation.[49] Indeed, it is wholly dispositive of Peters' UTCPCA claim. Accordingly, the Court finds that the "actually disputed" factor is met here.
c. The Federal Issue Is Not Substantial
Within the context of Grable , "it is not enough that the federal issue be significant to the particular parties in the immediate suit." "The substantiality inquiry ... looks instead to the importance of the issue to the federal system as a whole."[50] A federal issue may be substantial, for example, where the "state adjudication would undermine 'the development of a uniform body of [federal] law.' "[51]
The parties dispute whether the substantiality requirement is met here. Alaska Trustee, citing the Ninth Circuit's decision in Ho v. Recontrust Co., NA[52] and the Alaska Supreme Court's conflicting decision in Ambridge , argues that this case justifies "resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."[53] Peters, in turn, argues that state courts routinely adjudicate state consumer protection cases that incorporate and interpret federal standards, and that "the FDCPA is not the type of statutory scheme where only the federal system can interpret it."[54]
In Ambridge , the Alaska Supreme Court considered whether Alaska Trustee is a *1027 "debt collector" under § 1692a(6) of the FDCPA, a question that, at that time, had not yet been addressed by the Ninth Circuit.[55] It held that an entity pursuing non-judicial foreclosures, like Alaska Trustee both there and here, is a debt collector subject to liability under § 1692a of the FDCPA.[56] One year later, the Ninth Circuit, in Ho , came to the opposite conclusion, holding that "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."[57]
At bottom, the substantiality inquiry requires courts to bring a " 'common-sense accommodation of judgment to [the] kaleidoscopic situations' that present a federal issue, in 'a selective process that picks the substantial causes out of the web and lays the other ones aside.' "[58] Exercising that judgment here, the Court recognizes this cause as one that should be picked up and examined closely, but ultimately laid aside.
Indeed, at first glance, it seems almost a given that this case meets the third Grable factor. The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusing debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse,"[59] and here the Court confronts a situation in which the Alaska Supreme Court has defined the universe of potential litigants exposed to liability for the violation of the FDCPA differently than the Ninth Circuit.
But upon further examination, it becomes more difficult to identify the importance and forward-working effect of the resolution of Peter's UTCPCA claim for the federal system as a whole.[60] In particular, resolution of Peter's UTCPCA claim by this Court will not work to guide future courts in their interpretation of the scope and applicability of the FDCPA on the same or similar facts as those presented here. Ho now provides that precedent for federal district courts in this circuit, and Ambridge is the controlling authority on the issue for Alaska state courts.[61]
Nor does the fact that the Alaska Supreme Court has interpreted who is a debt collector under the FDCPA more broadly than the Ninth Circuit trigger federal question jurisdiction. "[T]he possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' ... jurisdiction, even if the potential error finds its root in a misunderstanding of [federal] law."[62]
*1028 Moreover, given the chronology of the Ninth Circuit's decision in Ho and the Alaska Supreme Court's decision in Ambridge , it appears that remand might promote uniformity as to the scope and applicability of the FDCPA, as remand will permit the Alaska Supreme Court to reevaluate Ambridge in light of Ho .
d. Resolution of the Federal Issue in Federal Court Will Disrupt the Federal-State Balance Approved by Congress
But regardless of its conclusion on substantiality, the Court would still decline to exercise jurisdiction over Peters' UTCPCA claim based on the fourth Grable factor. In Grable , the Supreme Court cautioned against the exercise of federal jurisdiction over a state action that discloses a contested and substantial federal question without first assessing the "disruptive portent" of removal, explaining that a "federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."[63]
Having considered the "welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system,"[64] the Court finds that exercising federal jurisdiction over Peters' embedded FDCPA issue would disturb the balance between federal and state judicial responsibilities. Both mortgage foreclosure and consumer protection have traditionally been matters for state courts and state law,[65] and state courts "frequently handle state-law consumer protection suits that refer to or are predicated on standards set forth in federal statutes."[66] Consequently, and like the Ninth Circuit in Nevada , the Court suspects that the exercise of federal question jurisdiction over Peters' UTCPCA claim would "herald[ ] a potentially enormous shift of traditionally state cases into federal courts,"[67] and so declines to find arising under jurisdiction here.
V. CONCLUSION
Plaintiff's Motion to Remand at docket 14 is GRANTED. Having resolved the remand issue, the Court lifts the stay entered on August 22, 2017 and also DENIES WITHOUT PREJUDICE Alaska Trustee, LLC's Motion to Dismiss for Failure to State a Claim at docket 8.
IT IS SO ORDERED.

Dkt. 14; see also Dkt. 15 (Mem. Supp. Pl.'s Mot. to Remand); Dkt. 18 (Reply Mem. Supp. Pl.'s Mot. to Remand); Dkt. 19 (Notice of Suppl. Authority).

D. Ak. L.R. 7.2(a).

Dkt. 1-1 at 10-11.

Id.

Id.

Id. at 11.

Id.

Id. at 19.

Id. at 20.

Id. at 12, 16.

Id. at 12.

Id. at 13.

Id. at 9-23.

Id. at 13-15.

Dkt. 1 at 3.

Dkt. 5.

Dkt. 7.

Dkt. 13.

Dkt. 14.

28 U.S.C. § 1441(a).

28 U.S.C. § 1447(c) ; see also Moore-Thomas v. Alaska Airlines, Inc. , 553 F.3d 1241, 1244 (9th Cir. 2009) ("A motion to remand is the proper procedure for challenging removal.").

28 U.S.C. § 1447(c).

Nevada v. Bank of America Corp. , 672 F.3d 661, 667 (9th Cir. 2012) (quoting Syngenta Crop Prot., Inc. v. Henson , 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002) ).

Gaus v. Miles, Inc. , 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

Baker v. Tait , No. 3:16-cv-00236-JWS, 2017 WL 2192965, at *2 (D. Alaska May 18, 2017) (citing Moore-Thomas , 553 F.3d at 1244 ).

Moore-Thomas , 553 F.3d at 1243 (quoting 28 U.S.C. § 1331 ); see also Kokkonen v. Guardian Life Ins. Co. of America , 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (noting federal courts "are courts of limited jurisdiction," possessing "only that power authorized by Constitution or statute").

Merrell Dow Pharm. Inc. v. Thompson , 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

Gunn v. Minton , 568 U.S. 251, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh , 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) ); see also Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg. , 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (cautioning that "federal issue" is not "a password opening federal courts to any state action embracing a point of federal law").

Gunn , 133 S.Ct. at 1065 (citing Grable , 545 U.S. at 314, 125 S.Ct. 2363 ).

Dkt. 17 at 5-6.

Dkt. 15 at 5.

80 F.3d 339, 341-42 (9th Cir. 1996).

Id. at 345-46.

Id. at 346 (citing Christianson v. Colt Indus. Operating Corp. , 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) ); accord Mulcahey v. Columbia Organic Chems. Co. , 29 F.3d 148, 153 (4th Cir. 1994) ("[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist.").

Baker , 2017 WL 2192965, at *2 (internal quotation marks omitted).

Intellisoft, Ltd. v. Acer America Corp. , No. 17-cv-06272-PJH, 2018 WL 496739, at *7 (N.D. Cal. Jan. 22, 2018) (quoting Camino Hosp. v. Anthem Blue Cross of Cal. , No. 5:14-cv-00662, 2014 WL 4072224, at *3 (N.D. Cal. Aug. 14, 2014) ); see also Gunn , 133 S.Ct. at 1065 (noting the prima facie elements of a legal malpractice claim under Texas law, but holding that plaintiff's particular claim necessarily raised federal issue because the court would be required to apply federal patent law to facts of case); Christianson , 486 U.S. at 810, 108 S.Ct. 2166 ("[A] claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories.").

Dkt. 1-1 at 13.

Contra Nevada , 672 F.3d at 675.

Contra Lippitt v. Raymond James Fin. Servs., Inc. , 340 F.3d 1033, 1045 (9th Cir. 2003).

332 P.3d 1, 2 (Alaska 2014) ; see also id. at 9 ("We have consistently held that real property transactions are neither a good nor a service, and the 2004 amendment did not change that longstanding definition.").

372 P.3d 207, 226 (Alaska 2016).

See Ambridge , 372 P.3d at 226-27 (clarifying that UTPCPA claims based on FDCPA violations in the context of nonjudicial foreclosures remain viable post-Bachmeier ).

See Chase v. United Residential Mortg., LLC , No. 3:10-cv-00365-RCJ-RAM, 2011 WL 198008, at *1 (D. Nev. Jan. 19, 2011) (finding federal issue necessarily raised where Nevada Legislature, like the Alaska Supreme Court here, "made the reach of [the state statute] coextensive with the FDCPA").

See Dkt. 15 at 1, 5 (citing Baker , 2017 WL 2192965 ); Dkt. 18 at 2 (same).

See Starbuck v. City & Cty. of San Francisco , 556 F.2d 450, 457 n.13 (9th Cir. 1977) ("The doctrine of stare decisis does not compel one district court judge to follow the decision of another.").

672 F.3d at 675 (emphasis added).

Id.

In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liability Litig. , MDL No. 2672 CRB (JSC), 2017 WL 2258757, at *6 (N.D. Cal. May 23, 2017) (quoting Hawaii v. Abbott Labs., Inc. , 469 F.Supp.2d 842, 853 (D. Haw. 2006) ); see also Grable , 545 U.S. at 315, 125 S.Ct. 2363 (finding federal issue actually disputed where it "appear[ed] to be the only legal or factual issue contested in the case").

Gunn , 133 S.Ct. at 1065 (finding federal issue actually disputed where it was "the central point of dispute").

Gunn , 133 S.Ct. at 1066 ; see also Eastman v. Marine Mech. Corp. , 438 F.3d 544, 552 (6th Cir. 2006) ("A 'substantial' federal question involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it 'sensibly belongs in federal court.' " (quoting Grable , 545 U.S. at 314, 125 S.Ct. 2363 ) ).

Gunn , 133 S.Ct. at 1067 (quoting Bonito Boats, Inc. v. Thunder Craft Boats, Inc. , 489 U.S. 141, 162, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989) ).

858 F.3d 568, 572 (9th Cir. 2017).

Dkt. 17 at 7 (quoting Grable , 545 U.S. at 312, 125 S.Ct. 2363 ).

Dkt. 18 at 5-6.

372 P.3d at 211-22.

Id. at 222 ("The superior court was correct in ruling that Alaska Trustee, through its processing of nonjudicial foreclosures, is a 'person who uses ... the mails in any business the principal purpose of which is the collection of any debts,' is therefore a 'debt collector' as defined by § 1692a(6), and is subject to the broader provisions of the FDCPA.").

858 F.3d at 572.

Grable , 545 U.S. at 313, 125 S.Ct. 2363 (alteration in original)(quoting Gully v. First Nat'l Bank in Meridian , 299 U.S. 109, 117-18, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ).

15 U.S.C. § 1692(e).

See Gunn , 133 S.Ct. at 1068 (declining to exercise arising under jurisdiction where the resolution of a patent issue was important only to the "particular parties in th[e] case").

See Surrick v. Killion , 449 F.3d 520, 535 (3d Cir. 2006) ("[D]ecisions of the federal district courts and courts of appeals ... are not binding on [state] courts.").

Gunn , 133 S.Ct. at 1068.

Grable , 545 U.S. at 314, 125 S.Ct. 2363 ; see also Nevada , 672 F.3d at 675.

Grable , 545 U.S. at 314, 125 S.Ct. 2363.

Rank v. Nimmo , 677 F.2d 692, 697 (9th Cir. 1982) ("[M]ortgage foreclosure has traditionally been a matter for state courts and state law."); BFP v. Resolution Trust Corp. , 511 U.S. 531, 544, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) (characterizing the regulation of foreclosure as "an essential state interest"); Ho , 858 F.3d at 576 ("Foreclosure is a traditional area of state concern."); Chae v. SLM Corp. , 593 F.3d 936, 944 (9th Cir. 2010) ("Contract and consumer protection laws have traditionally been in state law enforcement hands.").

Nevada , 672 F.3d at 676.

Id. (quoting Grable , 545 U.S. at 319, 125 S.Ct. 2363 ).